No. 13-4279

# UNITED STATES COURT OF APPEAL FOR THE THIRD CIRCUIT

## SOUTHERN TRACK AND PUMP, INC.,

Plaintiff/Appellee,

v.

## TEREX CORP.,

Defendant/Appellant.

On Appeal from the United States District Court of the District of Delaware,

Case No. 08-cv-543 (Hon. Leonard P. Stark)

## OPPOSITION OF PLAINTIFF BELOW/APPELLEE SOUTHERN TRACK & PUMP, INC. TO ASSOCIATION OF EQUIPMENT MANUFACTURERS' MOTION OF DRI – THE VOICE OF THE DEFENSE BAR FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF APPELLANT TEREX CORPORATION, d/b/a TEREX CONSTRUCTION AMERICAS

POTTER ANDERSON & CORROON LLP

Peter J. Walsh, Jr.
Hercules Plaza – 6th Floor
1313 North Market Street
Wilmington, DE 19801
Telephone: (302) 984-6000

BERGER HARRIS LLP

Suzanne H. Holly
1105 North Market Street,
11th Floor
Wilmington, DE 19801
Telephone: (302) 655-1140

*Attorneys for Plaintiff/Appellee Southern Track and Pump, Inc.*

1

PAC 1147184v.3

Appellee Southern Track & Pump, Inc. ("STP") respectfully requests that

this Court deny the Motion for DRI – The Voice of the Defense Bar ("DRI") for

Leave to File *Amicus Curiae* Brief in Support of Appellant Terex Corporation,

d/b/a Terex Construction Americas ("Terex") for the reasons set forth herein.

## I.    LEGAL STANDARD

An *amicus curiae* brief is permissible only where all parties have consented,

or absent consent with this Court's authorization.  Fed. R. App. P. 29(a).  Pursuant

to Federal Rule of Appellate Procedure 29 ("Rule 29"), a party requesting leave to

file an *amicus curiae* brief without consent must file a motion establishing: (1) the

movant's interest in the subject appeal, and (2) the reason why an amicus brief is

desirable and why the matters asserted are relevant to the disposition of the case.

Fed. R. App. P. 29(b).  "Although the Rule does not say expressly that a motion for

leave to file should be denied if the movant does not meet the requirements of

(a) an adequate interest, (b) desirability, and (c) relevance, this is implicit."

*Neonatology Assoc., P.A. v. C.I.R.*, 293 F.3d 128, 131 (3d Cir. 2002).

## II.    ARGUMENT

### A.    *DRI's Interest in this Appeal is Inadequate*

DRI characterizes itself as an international organization comprised of

attorneys that "seeks to address issues important to defense attorneys, to promote

the role of the defense lawyer and to improve the civil justice system."  (Motion, p.

PAC 1147184v.3

1). DRI further asserts that it seeks to participate in "cases raising issues of importance to its members, their clients, and the judicial system." (*Id.*).

Based on this sweeping statement of purpose, DRI presumably could assert that it has an "adequate interest" in any civil case pending before this Court. Demonstrating that an interest is adequate may not require a stringent review, however, for this requirement to be of any consequence it must be interpreted as more than a movant's general desire to inject its views into an appeal. *See Am. College of Obstetricians & Gynecologists v. Thornburgh*, 699 F.2d 644, 645 (3d Cir. 1983) (rejecting motion for leave to file amicus curiae brief by group of law professors that "d[id] not purport to represent any individual or organization with a legally cognizable interest in the subject matter at issue, and *[gave] only their concern about the manner in which this court will interpret the law*.") (emphasis added). DRI's ethereal interest in the District Court's as-applied interpretation of the Delaware Equipment Dealer Statute, 6 *Del. C.* §§ 2720-2727 (the "Delaware Dealer Statute"), without more, does not satisfy Rule 29. If such a tangential connection is sufficient under Rule 29, it becomes difficult to envision a scenario in which a movant would lack an "adequate interest" to justify submission of an *amicus curiae* brief. The reasonable reading of Rule 29 militates in favor of denying DRI's motion on this ground alone.

3

### B.    *DRI's Brief is Not Desirable*

A cursory review of DRI's proposed brief demonstrates both a misunderstanding of the District Court's interpretation of the Delaware Dealer Statute and a divergence from the record properly before this Court. At best, DRI's proposed brief does nothing more than muddle the issues to be considered in this appeal.[1]

By way of example, DRI characterizes the District Court's reading of the Delaware Dealer Statute as imposing a repurchase obligation "on the supplier [Terex] that was largely illusory because the dealer [STP] had already disposed of the property during the ninety-day repurchase period." (Brief at p. 4). This assertion distorts the District Court's holding.

First, the equipment at issue was repossessed by STP's secured lender (in contrast to being "disposed" of by STP), and was repossessed only after Terex refused to comply with its repurchase obligations under the Delaware Dealer Statute. Second, Terex never raised the issue concerning the impact of the repossession of the equipment at the liability stage of the case. Third, applying the Delaware Dealer Statute to the specific factual record of this case, the District Court found that Terex violated the Delaware Dealer Statute by not discharging its repurchase obligations prior to the repossession. Therefore, DRI incorrectly

---

[1] In the event that the Court grants DRI's Motion, STP respectfully requests leave to submit a brief responding to DRI's *Amicus Curiae* brief.

4

frames an issue that simply was not reached in the District Court's holding as to the application of the repurchase requirements of the Delaware Dealer Statute.

Similarly, DRI asserts that STP's damages were "never established because the court deprived the parties of a trial on those damages," and attempts to introduce factual evidence that "the dealer [STP] suffered at most approximately $50,000 as a result of the supplier's [Terex's] alleged repurchase violations, and possibly less." (Brief at p. 4 n. 2). DRI grossly mischaracterizes the record because the parties were not "deprived" of a trial on damages, but rather stipulated to the damages awardable under the Delaware Dealer Statute following the District Court's rulings at the pretrial hearing.

Moreover, DRI attempts to insert factual conclusions on the damages suffered by STP, which are subject to opposing proof from STP. This underscores DRI's attempt to obscure the record before this Court in the face of the District Court's resounding rejection of its legal positions concerning interpretation of the Delaware Dealer Statute.

This Court has pronounced that "an amicus who makes a strong but *responsible* presentation in support of a party can truly serve as the court's friend." *Neonatology Assocs.*, 293 F.3d at 131 (emphasis added). DRI's approach constitutes an irresponsible exercise of the privilege of an *amicus curiae* brief.

5

These palpable defects in DRI's proposed brief render it undesirable in aiding this Court and inappropriate under Rule 29.

C.    *DRI's Brief is Not Relevant*

The most significant failing of DRI's proposed *amicus curiae* brief is the focus on legal issues not germane to this appeal.  The substance of DRI's proposed brief can be categorized as either: (1) wholly redundant of Terex's arguments, (2) challenging "phantom" rulings of the District Court not presented for this Court's review, and (3) constitutional challenges inapposite to this appeal.

DRI's rehashing of Terex's legal arguments does not aid this Court in the proper role of an *amicus*.  The corresponding rule on *amicus curiae* briefs of the United States Supreme Court is instructive on this point, providing in pertinent part that "[a]n *amicus curiae* brief that brings attention to the Court relevant matter not already brought to its attention by the parties may be of considerable help to the Court.  An *amicus curiae* brief that does not serve this purpose burdens the Court, and its filing is not favored."  Sup. Ct. R. 37.1.  Thus, DRI's parroting of Terex's arguments on statutory interpretation fails to meet the threshold of relevancy and runs contrary to the purposes underlying Rule 29.  *See Liberty Resources, Inc. v. Phila. Housing Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005) ("Courts have found the participation of an amicus especially proper where the amicus will ensure 'complete and plenary presentation of difficult issues so that the court may

6

reach a proper decision[.]'") (quoting *Alliance of Auto. Mfrs. v. Gwadowsky*, 297

F. Supp. 2d 305, 307 (D.Me.2003)); *see also United States v. State of Mich.*, 940 F.

2d 143, 165 (6th Cir. 1991) (explaining that the standard for granting *amicus

curiae* participation is dependent "upon a finding that the proffered information of

amicus is timely, useful, or otherwise necessary to the administration of justice.").

In addition, the issues which DRI raises that are distinct from Terex's

arguments fare no better under a Rule 29 relevancy analysis. DRI introduces

extraneous constitutional issues that will not aid in this Court's analysis. DRI

devotes considerable attention to arguments involving the constitutional limits that

correspond to awards of compensatory damages. (*See* Brief at pp. 5-6). DRI either

fails to recognize or consciously ignores that the District Court's ruling is based on

the statutory damages supplied by the language of the Delaware Dealer Statute and

not guided by general principles on compensatory damages. *See Southern Track

and Pump, Inc. v. Terex Corp.*, Civ. No. 08-543- LPS, 2013 WL 5461615, at *1

(D. Del. Sept. 30, 2013) (explaining the pretrial rulings that "once liability arises

[under the Delaware Dealer Statute] from a failure to repurchase, 'the calculation

of statutory damages is . . . governed by Section 2727(a)'" and that STP was not

required "to prove any additional elements in this case in order to obtain statutory

damages . . . ."). Thus, DRI's invocation of irrelevant arguments do not aid this

Court.

Similarly, DRI's proposed brief analyzes Supreme Court "doctrines, that, by *analogy*, provide a framework to understand – and correct – the constitutional violations created by the district court's interpretation of the Dealer Statute." (Brief at p. 6) (emphasis added).  DRI's reliance on legal principles involving due process considerations of non-statutory punitive damages awards; confiscatory rates for public utilities; and exactions of property relevant to land use permitting are misplaced.  DRI itself recognizes that none of these have a direct bearing on the issues presented by the District Court's ruling.  (*See id.* at pp. 10-11) (explaining that no court has applied the Supreme Court's "*Gore/Campbell* punitive damages analysis to statutory damages"); (*see id.* at pp. 16-17) (discussing constitutionality of confiscatory rates on utilities and other public companies, but acknowledging that neither designation applies); (*see id.* at pp. 19-21).  DRI's insertion of inapposite constitutional analyses further negates relevance of its brief under Rule 29.

Lastly, DRI's draping itself in the potential impact of the District Court's interpretation of the Delaware Dealer Statute on corollary statutes in other states rings hollow from a relevancy perspective.  DRI is presenting what are best described as policy concerns over what it views as how the Delaware Dealer Statute should be written as opposed to advancing discrete judicial issues to be decided in this appeal.  It is not relevant to the analysis of the plain language of the

8

Delaware Dealer Statute how other, different, statutes may be interpreted. The proper forum for such issues is with the respective legislatures, rather than through the channel of an *amicus curiae* brief. *See National Organization for Women, Inc. v. Scheidler*, 223 F. 3d 615, 616 (7th Cir. 2000) (instructing that overuse of *amicus curiae* briefs was objectionable when used to "inject interest group politics into the federal appeals process").

D.    *DRI's Amicus Curiae Brief Prejudices STP*

Finally, although this Court has not held that prejudice to a non-consenting party is controlling under Rule 29(b), the structure of the rule as well as its impact render it an appropriate factor in this Court's calculus. The plain text of Rule 29 demonstrates that the consent of a party to an *amicus curiae* brief is significant in itself. *See* Fed. R. App. P. 29(a). STP's concerns that lead to its withholding consent came to fruition after reviewing DRI's blatant attempt to inject incorrect and irrelevant issues into this appeal. Importantly, the inability to file a direct reply to DRI's *amicus curiae* brief places STP in the untenable position of either devoting its limited briefing to rectifying DRI's misleading and specious positions or allowing them to remain unchallenged and risk muddling the record before this Court on appeal.

The substance of DRI's proposed brief, particularly when read against the backdrop of STP's election to withhold consent under Rule 29, does not justify

9

such a detrimental result. To rule otherwise would in effect compel STP to litigate two appeals simultaneously. In order to ensure fair consideration of this appeal in accordance with Rule 29, DRI's motion should for leave should be denied. Alternatively, if DRI's motion is granted, STP requests that it be given an opportunity to file a reply brief limited to correcting the inaccuracies and supplemental legal issues not already raised in Terex's brief.

Allowing DRI's participation as *amicus curiae* directly overrides STP's election to withhold consent. STP opposes DRI's brief in the interest of preserving an appeal consistent with this Court's established framework and that does not interfere with the proper functioning of the adversarial system. This Court recognized in *Neonataology Assocs.* that a "restrictive policy" against submission of amicus curiae briefs is disfavored. *See* 293 F.3d at 133. An overly liberal application, however, is detrimental in that it reads out the concept of consent and the threshold requirements of an adequate interest, desirability and relevancy from Rule 29. Proper deference to the parameters of Rule 29 and the privilege of allowing non-parties to participate in the adversarial system counsels in favor of establishing checks on *amicus* participation in appropriate circumstances to prevent the exception from swallowing the rule. DRI's participation in this appeal presents such a situation and warrants denial of its motion and rejection of its proposed brief.

10

## CONCLUSION

WHEREFORE, Appellee and Plaintiff Below, Southern Track and Pump, Inc. respectfully requests that this Court deny the Motion for Leave to File *Amicus Curiae* Brief (the "Motion") of DRI – The Voice of the Defense Bar, or, in the alternative, permit Southern Track and Pump, Inc. the opportunity to respond to the *Amicus Curiae* Brief of DRI – The Voice of the Defense Bar if the Court grants the Motion.

Dated: April 21, 2014
     Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

**BERGER HARRIS, LLC**
Suzanne Hill Holly (DE Bar No. 4414)
1201 N. Orange St., 3rd Floor
Wilmington, DE 19801
Telephone: (302) 655-1140
Facsimile: (302) 655-1131
Email: sholly@bergerharris.com

     */s/ Peter J. Walsh, Jr.*
Peter J. Walsh, Jr. (DE Bar No. 2437)
Ryan M. Murphy (DE Bar No. 5517)
1313 North Market Street, 6th Floor
Wilmington, DE 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: pwalsh@potteranderson.com
       rmurphy@potteranderson.com

*Attorneys for Plaintiff Southern Track and Pump, Inc.*

PAC 1147184v.3

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system, and it has been scanned for viruses with Vipre Business Virus Software, version 6.2.5530.0 and according to the program, is free of viruses.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

*/s/ Peter J. Walsh, Jr*

Peter J. Walsh, Jr.
